For meaning of Abreviations, See Ternary Digest, page XII.

### No. 547

### U. S. CASUALTY CO. v. THRUSH

#### No. 19783. Supreme Court

On motion to certify. Dock. April 20, 1926.

647. INSURANCE—May the beneficiary named in an accident policy of a deceased person who was insured against accident, recover from the insurer when there is no direct proof that an accident occurred?

This action was brought originally in the Franklin Common Pleas by Pauline C. Thrush, wife and personal representative of George W. Thrush against United States Casualty Co. to recover on an accident policy issued by the Company.

It appears that the deceased died subsequent to the contraction of gangrene. The evidence disclosed that the deceased was seen approaching a stairway in an office building and that shortly after entered an office on a floor above, limping and with a dent in his shoe. Nobody saw him on the stairway or saw him stub his toe. Gangrene poisoning set in from the injury and he died.

Three doctors who performed an autopsy testified that other causes might have resulted in death.

The Appeals affirmed the judgment of the Common Pleas in favor of Thrush.

The Co., in the Supreme Court, contends that the trial court erred in overruling a motion for a directed verdict on the ground that there was no evidence of the accident.

Attorneys—Watson, Davis & Joseph, Columbus, for Co.

### No. 548

### VALLEY VIEW (VIL.) v. BENNINGTON, Erx.

#### No. 19701. Supreme Court.

Motion to certify record. Dock. March 20, 1926, 4 Abs. 208.

225. CHARGE TO JURY.—Is it within the province of a court to inject matters into a charge which were not raised in the petition?

851. NOTICE.—Must notice of defective condition of a Village roadway be actual, or may it be constructive?

It appears from the evidence in this case that Roy Bennington, while driving upon a street in Valley View Village, drove into a hole in the pavement of said street causing his machine to overturn, killing him in the accident.

Sadie Bennington, executrix of his estate, brought this action in Cuyahoga Common Pleas to recover damages for the death of decedent.

The executrix contends that althuogh no actual notice of the defective condition of the street was given the village it nevertheless had constructive notice of such defects and further contends that such constructive notice was sufficient to charge said village for an action in damages.

Counsel for the village requested court to charge that before a verdict could be rendered against the village notice of the existence of the defect on the road causing the injury must be proven and that such notice must be actual or implied from the long continued existence of such defect. This charge was refused by the court.

The court did charge however as to the faulty construction of such road which matter was not even mentioned in the petition of the executrix.

Verdict was rendered in favor of the executrix and error was prosecuted to the court of appeals where the judgment of the lower court was affirmed.

Counsel for the village in the Supreme Court contends:

1. The requested charge regarding notice to the village should have been given by the trial court and it was error to refuse to so charge.

2. It was error for the court to charge on the possible faulty or defective construction of the road that matter not having been alleged in the petition of the plaintiff in the action.

Attorneys—E. W. McGraw, for Valley View; W. J. Corrigan, for Bennington; all of Cleveland.